IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nike, Inc., <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule A, <br><br> Defendants. | Case No. 1:24-cv-02026 |

**DEFENDANT STARY SKY'S POSITION PAPER RE PRELIMINARY INJUNCTION**

Defendant Stary Sky ("Defendant"), by and through its counsel Bayramoglu Law Offices, LLC, hereby submits its position paper pursuant to the Court's Minute Order (Dkt. 40). Defendant's issues and arguments are as follows:

**I. DEFENDANT WAS NOT SERVED**

"A preliminary injunction is an 'extraordinary and drastic remedy.' It should never be awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008). "The court may issue a preliminary injunction *only on notice to the adverse party*." FRCP 65(a) (emphasis added). Defendant only discovered the preliminary injunction hearing when its store was restrained and Defendant received a notification from Amazon. It was then up to Defendant to find counsel quickly enough and for Defendant's counsel to discover the hearing. As of this submission, Plaintiff has not submitted a proof of service, nor has Defendant received an email. Therefore, the preliminary injunction should be denied.

**II. JURISDICTION AND VENUE ARE IMPROPER**

Given that neither the Lanham Act nor the Copyright Act authorizes nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Ariel Invs., LLC v. Ariel Cap.*

1

*Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018). Personal jurisdiction does not exist where the defendant's contacts with the forum state are merely "'random, fortuitous, or attenuated.'" *Walden v. Fiore,* 571 U.S. 277, 286 (2014). Plaintiff only makes vague, generalized allegations and believes that simply operating an e-commerce store creates jurisdiction anywhere in the United States. Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because anyone with internet access could theoretically purchase products from any online store. Such universal jurisdiction certainly does not comport with traditional notions of fair play and substantial justice.

Additionally, there is no specific connection to Illinois as Plaintiff's headquarters are in Oregon and Amazon's headquarters are in Washington or Virginia. The only reason Plaintiff filed the case in this district is because this district has become a hub for these types of "Schedule A" cases. There are no actual legitimate facts connecting this case to this venue.

### III. PLAINTIFF FAILS TO STATE A CLAIM UNDER FRCP 12(b)(6)

Plaintiff's vague, generalized allegations do not adequately state a claim against any defendant. As of this filing, Plaintiff has yet to provide Defendant with any infringement evidence and has not identified which trademark Defendant is even allegedly infringing upon. As Defendant has its own brand name (Asiman), Defendant presumes Plaintiff's allegations are about one of the trade dress claims, although which one is still unknown. The Supreme Court has ruled that trade dress for product designs is not inherently distinctive. *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 206 (2000). Plaintiff's boilerplate complaint provides no allegations that Plaintiff's trade dress has any acquired distinctiveness. As such, Plaintiff has failed to properly plead infringement of product design trade dress. For the purposes of the injunction, this also means that Plaintiff has failed to establish a likelihood of success on the merits.

## IV. DEFENDANT WAS IMPROPERLY JOINED

Plaintiff identifies 72 different trademarks that vary from word marks to stylized marks to composite marks to trade dress and involve different goods. The Courts in this district have taken notice of the improper joinder with these types of "Schedule A" lawsuits. *Estée Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182 (N.D. Ill. 2020). Courts are not required to accept conclusory or speculative statements for the purposes of joinder. *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008). The burden of proof, legal presumptions, and legal defenses will all change drastically depending on the specific facts for each defendant's alleged infringement and each claimed infringed trademark. The only thing the defendants have in common in this lawsuit is that they were all sued by Plaintiff. The improper joinder also allows Plaintiff to avoid having to pay substantial filing fees at the Court's expense.

## V. PRELIMINARY INJUNCTION SHOULD BE DISSOLVED OR MODIFIED

Asset restraints based on monetary claims other than disgorgement of profits are improper. *Grupo Mexicano de Dessarrolo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Defendant challenges Plaintiff to identify how often Plaintiff seeks disgorgement of profits as opposed to statutory damages in Plaintiff's numerous identical boilerplate lawsuits. Plaintiff has provided no equitable accounting of any kind. Based on current information, Defendant had approximately 24 sales for $960 in gross sales. At best, any injunction against Defendant should be limited to $1,000. Furthermore, Defendant contends that Plaintiff's bond should be increased to $10,000 *per defendant* to adequately protect the hundreds of defendants from the harm of an improper injunction.

DATED this 11th day of April, 2024.    **Bayramoglu Law Offices, LLC**
By: */s/ David Silver*
DAVID SILVER, ESQ.
david@bayramoglu-legal.com
*Attorneys for Defendant Stary Sky*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ David Silver*
     **DAVID SILVER, ESQ.**