# Exhibit "1"

# Exhibit "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKE, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 24-cv-02026<br><br>**Judge Joan B. Gottschall**<br><br>**Magistrate Judge Jeannice W. Appenteng** |

## SUPPLEMENT TO PLAINTIFF'S POSITION PAPER [42]

Plaintiff Nike, Inc. ("Plaintiff" or "Nike") submits the following supplement to its Position Paper [42] to further assist this Court in visualizing the infringement that was discussed during the April 12, 2024, hearing.

## INTRODUCTION

During the hearing held on April 12, 2024, the Court indicated it could not determine how the product sold by Defendant Stary Sky ("Defendant") infringes Nike's (Reg. No. 6,878,868) trademark (the "Air Max Plus Design"). [1], [1-1]. The Court indicated it would evaluate the materials further to determine whether the Temporary Restraining Order ("TRO") entered in this case should be extended as to Defendant by 5:00pm on April 12, 2024. [43]. Nike hereby provides the Court with additional visual materials and information to assist the Court with its evaluation.

1

Nike predominantly uses the Air Max Plus Design on its iconic sneaker silhouette called the Nike Air Max Plus. Nike first introduced the Air Max Plus shoe in 1998 and has sold countless pairs since then.[1] The Air Max Plus is and has remained a flag-ship silhouette for Nike.[2] The Air Max Plus Design is highly distinctive and instantly recognizable, and has transcended its roots as a technical performance shoe to become a cultural phenomenon.[3]

As illustrated in Figure 2, Defendant is infringing Air Max Plus Design when considered in light of the Seventh Circuit's enumerated likelihood of confusion factors. [16] at pp. 6-7. For the reasons stated in its previous filings, Nike requests that the TRO be extended since it continues to show a likelihood of success on the merits. [16], [33]. In accordance with today's hearing, Nike will provide further information to the Court as requested.

1. **Demonstration of How Nike uses the Air Max Plus Design on the Nike Products.**

Figure 1 below demonstrates how the Air Max Plus Design is used on a genuine Nike Air Max Plus Sneaker. As outlined in the registration certificate, the Air Max Plus Design consists of the three-dimensional abstract design on the sneaker's uppers, which is represented by the solid lines in the image.


Reg. No. 6,878,868


Genuine Nike Air Max Plus Sneaker

---

[1] https://www.nike.com/gb/launch/t/behind-design-air-max-plus-og.
[2] https://kikikickz.com/en/blogs/infos/supreme-x-nike-air-max-plus-tn.
[3] *See, e.g.*, https://www.sneakerfreaker.com/features/material-matters/material-matters-tuned-air-and-the-tn-legacy?page=0; https://www.grailed.com/drycleanonly/air-max-plus-history; https://sneakernews.com/tag/nike-air-max-plus.

*Figure 1*

## 2. Demonstration of How Defendant's Product Infringes the Air Max Plus Design

Figure 2 below is provided to assist the Court visualize how Defendant's product misappropriates and infringes the Air Max Plus Design.



*Figure 2*

For the foregoing reasons, as well as the reasons stated in Nike's previous filings [33] and [42], Nike respectfully requests this Court extend the TRO as to Defendant until after the parties are able to fully brief all issues requested by this Court.

3

Dated this 12th day of April 2024.   Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff Nike, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Berel Y. Lakovitsky
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
blakovitsky@gbc.law

*Counsel for Plaintiff Nike, Inc.*